UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-60768-CIV-MARRA

PETER CASTAGNA,

    Plaintiff,

Magistrate Judge Seltzer

vs.

DANIEL BRITO and PAUL WILLIAMS,

    Defendants.
_____/

FILED by ___ D.C.

MAR - 4 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER GRANTING DEFENDANTS' MOTION TO TAX COSTS

THIS CAUSE is before the Court upon Defendants' Motion to Tax Costs [DE 65], Plaintiff's response thereto [DE 66], Defendants' reply to Plaintiff's response [DE 67], and Plaintiff's affidavit in support of his response [DE 68]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff initiated this action with claims for unlawful arrest and excessive use of force resulting from an incident at his home. This Court entered summary judgment for Defendants, two Town of Davie police officers. Defendants have now moved for an award of costs pursuant to 28 U.S.C. § 1920.

### II. DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442



(1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs."  Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 at 445.

In the present case, Defendants seek costs totaling $5,465.06 for the following items: (1) fees of the clerk and for service of subpoenas ($939.00); (2) fees for the court reporter and transcripts of certain depositions ($2,483.29); (3) fees for witnesses ($982.50); and (4) fees for copying and exemplification ($1,060.27).

Plaintiff's only objection is that he is unable to pay and it would be inequitable to award costs to Defendants.  Plaintiff asks this court to rely on the standard used in deciding whether to award attorney's fees to prevailing defendants in civil rights cases.  See Christianburg Garment Co. v. EEOC, 434 U.S. 412, 418-421 (1978) (a prevailing defendant may be awarded attorney's fees in a discrimination action "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith.").  Defendants correctly distinguish the line of cases regarding attorney's fees, and further argue that Plaintiff has not set forth sworn testimony of a true inability to pay costs.  In response to Defendants' reply memorandum, Plaintiff submitted an affidavit concerning his inability to pay.

The United States Court of Appeals for the Eleventh Circuit has held that a district court has the discretion to reduce an award of costs if a non-prevailing party submits "substantial documentation of a true inability to pay."  Chapman v. AI Transport, 229 F.3d 1012, 1039 (11th

Cir. 2000). The Eleventh Circuit stated that such discretion should be used in "rare circumstances" and subject to "the requirement that there be clear proof of the non-prevailing party's dire financial circumstances" before the financial situation may be considered. <u>Chapman</u>, 229 F.3d at 1039.

Under this stringent standard, the Court concludes that Plaintiff is not entitled to a reduction in the amount of costs. Plaintiff's affidavit states only that Plaintiff is "currently disabled and not employed" that he has "no other income nor means of earning other income," except his $592.00 in disability income. Plaintiff's Affidavit, ¶¶ 2-4 [DE 68]. However, there is no proof regarding whether Plaintiff has any other assets, or whether Plaintiff could obtain part-time employment. Therefore, under the standard set by the Eleventh Circuit, this Court will not exercise its discretion to reduce the award of costs.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Tax Costs [DE 65] is hereby **GRANTED**. The Court will separately enter judgment for Defendants.

DONE AND SIGNED in Chambers at Fort Lauderdale, Broward County, Florida, this ___ day of March, 2004.

KENNETH A. MARRA
United States District Judge

Copies furnished to:

Matthew Bavaro, Esq.
Fax: 954-423-9465

Richard McDuff, Esq.
Fax: 954-463-2444